**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOKHEIM CORPORATION, TOKHEIM | ) | Case Nos. 02-13436 through 02-13441 |
| RPS, LLC, TOKHEIM INVESTMENT | ) | |
| CORP., TOKHEIM SERVICES LLC, | ) | Jointly Administered Under |
| GASBOY INTERNATIONAL, INC., and | ) | Case No. 02-13437 (JBR) |
| SUNBELT HOSE & PETROLEUM, INC., | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| REORGANIZED TOKHEIM, BY AND | ) | |
| THROUGH KEVIN M. COFFEY, ITS | ) | |
| PLAN ADMINISTRATOR AND CHIEF | ) | Adversary Proceeding |
| EXECUTIVE OFFICER, | ) | |
| | ) | No._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAINT-GOBAIN PERFORMANCE | ) | |
| PLASTICS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO (i) AVOID AND RECOVER**
**PREFERENTIAL TRANFERS AND (ii) DISALLOW CLAIMS**

Reorganized Tokheim, by and through Kevin M. Coffey, its Plan Administrator and

Chief Executive Officer ("Plaintiff" or "Reorganized Tokheim"), hereby files this Complaint to

(i) Avoid and Recover Preferential Transfers and, (ii) Object to Claims against SAINT-GOBAIN

PERFORMANCE PLASTICS CORPORATION (the "Defendant") and alleges the following:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C.

§§ 1334(b), 157(a).

2.      This adversary proceeding arises in and is related to the above-captioned bankruptcy cases.

3.      This adversary proceeding also arises under 11 U.S.C. §§ 502, 547 and 550.

4.      This adversary proceeding is a core proceeding within the meaning of 28 U.S.C.§ 157(b)(2)(B) and (F).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a)

## PARTIES

6.      Plaintiff / Reorganized Tokheim, by and through Kevin M. Coffey, the Plan Administrator, is the successor-in-interest to certain causes of action of the debtors in the above-captioned bankruptcy cases which were vested or assigned to Plaintiff, so that Plaintiff might pursue them for the benefit of the debtors' creditors.

7.      Upon information and belief, Defendant is a domestic corporation. CHRISTIAN STREIFF is the PRESIDENT of the Defendant with a mailing address at 750 EAST SWEDESFORD ROAD, VALLEY FORGE, PA 19482 and a registered agent address at C T CORPORATION SYSTEM, 10 WEYBOSSET STREET, PROVIDENCE, RI 02903.

## BACKGROUND

8.      On November 21, 2002 (the "Petition Date"), Tokheim Corporation, Tokheim RPS, LLC, Tokheim Investment Corp., Tokheim Services LLC, Gasboy International, Inc., and Sunbelt Hose & Petroleum, Inc. (collectively, "Tokheim") each filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

9.      On June 17, 2003, the Court entered an order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization of Tokheim Corporation and its

Affiliated Debtors and Debtors in Possession (the "Plan"). The Effective Date of the Plan was August 6, 2003.

10.     Pursuant to paragraph 7.1 of the Plan, the estates of Tokheim have been substantively consolidated.

11.     Pursuant to paragraphs 1.98 and 7.2(b) of the Plan, after the Effective Date of the Plan, Tokheim will continue to exist as Reorganized Tokheim.

12.     In accordance with paragraph 7.3(a) of the Plan and subject to the Plan Administrator Agreement (as defined in the Plan), Kevin M. Coffey was appointed as Plan Administrator (the "Plan Administrator").

13.     Pursuant to paragraph 7.3(b) of the Plan, the Plan Administrator has been granted authority to act on behalf of and in the name of Reorganized Tokheim.

14.     In accordance with the provisions of 11 U.S.C. § 1123(b)(3) and by virtue of paragraph 7.3(b)(xi) of the Plan, Reorganized Tokheim, acting by and through the Plan Administrator, has been granted authority to pursue the claims for relief alleged in this Complaint.

## FIRST CLAIM FOR RELIEF –
## AVOIDANCE AND RECOVERY OF PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) AND 550

15.     Before the Petition Date, Defendant was a creditor of Tokheim.

16.     On or within ninety (90) days before the Petition Date, Tokheim transferred property in which Tokheim had an interest to Defendant totaling not less than $20,292.98 (collectively, the "Transfers"). A schedule identifying the Transfers is attached hereto as Exhibit A.

17.     The Transfers were made to, or for the benefit of Defendant.

18.     Tokheim made the Transfers for, or on account of, antecedent debts owed by Tokheim.

19.     At the time of each such Transfer, Tokheim was insolvent within the meaning of 11 U.S.C. § 101(32).

20.     The Transfers enabled the Defendant to receive more than it would receive as a creditor if:  (i) the cases were ones under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; or (iii) the Defendant had received payment on the debt in accordance with the provisions of the Bankruptcy Code.

21.     Pursuant to 11 U.S.C. § 547, Reorganized Tokheim is entitled to avoid each such Transfers.

22.     Pursuant to 11 U.S.C. § 550(a)(1), Reorganized Tokheim is entitled to recover the sum of $20,292.98 from Defendant plus prejudgment interest in an amount to be determined by the Court.

### SECOND CLAIM FOR RELIEF -
### DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(d)

23.     Reorganized Tokheim repeats the allegations contained in paragraphs 1 through 22 of this Complaint and incorporates them by this reference as though they were set forth in full here.

24.     As a result of Defendants receipt of the Transfers as herein alleged above and by virtue of 11 U.S.C. § 502(d), the Court is required to disallow any claims Defendant holds against Tokheim, until or unless Defendant has paid to Reorganized Tokheim the amount Defendant is liable to Reorganized Tokheim under 11 U.S.C. §§ 547 and 550(a).

WHEREFORE, Reorganized Tokheim respectfully prays that this Court:

1.     Enter judgment in favor of Reorganized Tokheim and against Defendant in the amount of $20,292.98 plus prejudgment interest;

2.     Direct Defendant to pay to the Reorganized Tokheim the sum of $20,292.98 plus prejudgment interest in an amount to be determined by the Court.

3.     Enter an order disallowing any claim of Defendant against Tokheim until Defendant pays the amount of the judgment; and

4.     Order such other and further relief that the Court deems just and proper.

DATED this 16th day of August, 2004.

Respectfully Submitted,

Mark Minuti (No. 2659)
Michael F. Bonkowski (No. 2219)
Jeremy W. Ryan (No. 4057)
**SAUL EWING LLP**
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6840

-AND-

Michael D. Warner (TX State Bar No. 00792304)
David T. Cohen (TX State Bar No. 75008424)
Emily S. Chou (TX State Bar No. 24006997)
**WARNER, STEVENS & DOBY, L.L.P.**
1700 City Center Tower II
301 Commerce Street
Fort Worth, TX 76102
Telephone: (817) 810-5250

**Counsel for Plaintiff**